

FILED

JUL 1 5 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                )     Case No. 05-23481-C-7
                  )
CHARLES W. MARTELL and   )
WENDY M. MARTELL,      )     DC. No. EBN-1
                  )
          Debtors.     )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION FOR RELIEF FROM AUTOMATIC STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

#### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

#### Findings of Fact

Debtors filed their voluntary chapter 7 petition on March 29, 2005. They scheduled a 2003 Ford F-150 truck ("vehicle") as property of the estate. On June 30, 2005, debtors were discharged from all dischargeable debts.

On June 13, 2005, Travis Credit Union ("movant") filed a motion, notice, and declaration requesting that this court terminate the automatic stay to permit movant to repossess the vehicle.

Movant's proof of service indicates that debtors' attorney was served at the following address: <u>1213</u> Travis Boulevard, Fairfield, CA 94533.  However, the case docket and voluntary petition provide the following address for debtors' attorney: <u>1319</u> Travis Boulevard, Fairfield, CA 94533.  Additionally, the court notes that movant's proof of service is attached to the Notice of Hearing as page 3.

A hearing was scheduled for July 12, 2005 at 9:30 a.m.  No opposition to the motion was filed.  Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

Conclusions of Law

A.  <u>SERVICE ON DEBTORS' ATTORNEY</u>

Federal Rule of Bankruptcy Procedure 9014(b) requires that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004."  Fed. R. Bankr. P. 9014(b).

Federal Rule of Bankruptcy Procedure 7004(b)(9) provides, in pertinent part, that service may be made upon the debtor by mailing a copy of the summons and complaint to the debtor ... and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.  Fed. Rules Bankr. Proc. Rule 7004(b)(9).

In this instance, movant served debtors' attorney at the incorrect address.  As a consequence, the motion will be denied.

B.    SEPARATE DOCUMENT REQUIREMENT

Local Bankruptcy Rule 9014(e) states that the proof of service for all pleadings and documents filed in support or opposition to a motion shall be filed as a separate document. LBR 9014(e).

Here, debtors' proof of service has not been filed as a separate document, but rather is attached to debtors' moving papers.

For the above stated reasons, the motion is denied.

Dated: July 15, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

### CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Charles W. Martell
506 Deloro Court
Suisun, CA 94585

Timothy Walsh
1319 Travis Boulevard
Fairfield, CA 94533

Prem N. Dhawan
P.O. Box 965
Benicia, CA 94510

Travis Credit Union
c/o Law Offices of E. Bradley Nelson
555 Mason Street, Suite 290
Vacaville, CA 95688-4637

Office of the United States Trustee
United States Courthouse
501 I St., Ste. 7-500
Sacramento, CA  95814

Dated: 7/15/05

_____
Deputy Clerk
K. Villere